[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13633
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-14023-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELISCEO CHIQUO-TUCH,
a.k.a. Eliseo Chiquio,
a.k.a. Elisco Chiguoi,
a.k.a. Eliseo Chiguil-Tuch,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 23, 2016)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Elisceo Chiquo-Tuch appeals his 26-month sentence of imprisonment, imposed near the low end of the advisory guideline range of 24 to 30 months, after pleading guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a).  On appeal, Chiquo-Tuch argues that his sentence is procedurally unreasonable because the court failed to address his non-frivolous arguments for a downward variance and did not adequately articulate its consideration of the 18 U.S.C. § 3553(a) factors.  After careful review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We first ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors or inadequately explaining the chosen sentence.[1]  *Id.* at 51, 128 S. Ct. at 597.  The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

At sentencing, the district court is required "to state in open court the reasons for its imposition of a particular sentence."  18 U.S.C. § 3553(c).  In doing so, the court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own

---

[1]  Chiquo-Tuch does not contend that his 26-month sentence is substantively unreasonable.

2

legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 357, 127 S. Ct. 2456, 2468 (2007); *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010). We do not require a sentencing court to explicitly discuss its consideration of each § 3553(a) factor, *Ghertler*, 605 F.3d at 1262, and it is generally sufficient for the court to "explicitly acknowledge[] that it had considered [the defendant's] arguments at sentencing and that it had considered the factors set forth in § 3553(a)," *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005).

The adequacy of the district court's explanation depends upon the circumstances of the case and "[t]he law leaves much, in this respect, to the judge's own professional judgment." *Rita*, 551 U.S. at 356, 127 S. Ct. at 2468. For example, when the court decides to simply apply the guidelines to a particular case, the circumstances may make clear that the court found that the guideline range is a reasonable sentence in a typical case and that the case before the court is typical. *Id.* at 356-57, 127 S. Ct. at 2468. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why [she] has rejected those arguments." *Id.* at 357, 127 S. Ct. at 2468. The explanation may be brief or lengthy, depending on the circumstances. *Id.* at 357-58, 127 S. Ct. at 2468-69 (accepting as "legally sufficient" a sentencing court's explanation where the court, after listening to the defendant's arguments for a downward variance, said simply that the guideline

range was not "inappropriate" and that a sentence at the low end of the range was "appropriate").

Here, Chiquo-Tuch has not shown that his sentence is procedurally unreasonable. Before imposing sentence, the district court listened to Chiquo-Tuch's arguments in favor of a downward variance from the guideline range of 24 to 30 months in prison from both Chiquo-Tuch personally and his counsel. Specifically, Chiquo-Tuch sought a downward variance for the following reasons: (1) he had returned to the United States because he feared for his life after being kidnapped and held for ransom in Guatemala; (2) his felony convictions were old and committed when he was young; and (3) he was married, had four children in the United States, and was hard working.

The government, for its part, opposed Chiquo-Tuch's request for a downward variance and asserted that a sentence at the high end of the guideline range was appropriate. The government cited Chiquo-Tuch's criminal history (placing him in criminal history category IV) beginning at a young age, his two previous deportations, and the fact that he was found to have returned to the United States while being booked for an arrest for alleged domestic violence against his wife. Chiquo-Tuch replied that the domestic-violence charge had been dismissed.

After hearing the parties' arguments as to an appropriate sentence, the district court stated that it had considered the statements of all the parties, the

4

presentence investigation report ("PSR"), which included the advisory guidelines, and the § 3553(a) factors. The court then sentenced Chiquo-Tuch to 26 months in prison.

The district court's explanation for the chosen sentence was legally sufficient under *Rita* and our precedent. Even though "the judge will normally go further and explain why [she] has rejected" nonfrivolous reasons for granting a downward variance, the circumstances may call only for a "brief explanation." *See Rita*, 551 U.S. at 357, 127 S. Ct. at 2468. And the circumstances may otherwise make clear the reasons for the court's chosen sentence. *See id.* at 356-58, 127 S. Ct. at 2468-69. The record makes clear that the district court considered the parties' arguments, the PSR, the advisory guideline range, and the § 3553(a) factors. The court found that the circumstances of the case did not warrant a sentence at the high end of the guideline range, as the government requested, or a sentence below the guideline range, as Chiquo-Tuch requested. In that respect, the court's sentence near the low end of the guideline range reflects a consideration of both positions and a balance between them, as well as a judgment that Chiquo-Tuch's case was typical and that a guidelines sentence was a proper sentence in a typical case. *See id.* at 356-57, 127 S. Ct. at 2468.

While the district court could have said more to explain its chosen sentence and why it did not find a downward variance appropriate, by "explicitly

5

acknowledg[ing] that it had considered [Chiquo-Tuch's] arguments at sentencing and that it had considered the factors set forth in § 3553(a)," *Scott*, 426 F.3d at 1330, the court did enough, viewed in light of the circumstances, to show that it had considered the parties' arguments and had a reasoned basis for exercising its decisionmaking authority in sentencing Chiquo-Tuch, *see Ghertler*, 605 F.3d at 1262. Accordingly, we affirm the sentence as procedurally reasonable.

**AFFIRMED.**